UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES D. SULLIVAN, | ) | CASE NO. 1:07 CV 2686 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| GERALD T. MCFAUL, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

On September 5, 2007, pro se plaintiff James D. Sullivan filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Gerald T. McFaul. In the complaint, plaintiff asserts that the defendant has not permitted him adequate access to legal materials. He seeks injunctive relief.

### Background

Mr. Sullivan's complaint states in its entirety:

> The Defendant fails to provide the plaintiff with any meaningful access to legal materials with which to understand the nature of the charges against him, assist in preparing his defense, and challenge the conditions of his confinement.

He seeks an order from this court requiring Mr. McFaul "to provide meaningful access to legal

materials." (Compl. at 5.) He filed an Amended Complaint on November 8, 2007. The allegations in the Amended Complaint were substantially identical to the allegations in the original pleading, but it also included a request for class certification.

Mr. Sullivan filed a Motion for Leave to Amend his Complaint for a second time on November 29, 2007. In the proposed second Amended Complaint, Mr. Sullivan includes the allegations as stated in the first two pleadings, and adds that "had the plaintiff(s) been provided access to legal materials he would have proceeded to trial." (Am. Compl. of 11/29/07 at 3.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Because Mr. Sullivan's pleadings are brief, it is difficult to determine the precise nature of the claim or claims he seeks to assert. Allegations of denial of access to legal materials by a pre-trial detainee could arise under either the First or Fourteenth Amendments. Regardless of

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the legal theory under which he seeks to proceed, Mr. Sullivan fails to state a claim upon which relief may be granted.

A claim for denial of due process in the course of his criminal trial could arise if a pre-trial detainee did not have access to legal materials and therefore was prevented from presenting a defense. United States v. Smith, 907 F.2d 42, 44 (6th Cir.1990). The Fourteenth Amendment, however, is satisfied if a pre-trial detainee has the assistance of an attorney during the course of his criminal trial. There is no allegation in any pleadings which suggest that Mr. Sullivan was denied due process during his criminal proceedings.

Moreover, Mr. Sullivan could be attempting to raise a claim for denial of access to the courts under the First Amendment. To state such a claim, however, a plaintiff must demonstrate that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] Id. at 355. Mr. Sullivan's allegations are stated solely as a legal conclusion. He claims that if the jail had a law library, he would have proceeded to trial. Mr. Sullivan was represented by counsel during all of his criminal

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

proceedings.³ He gives no indication of an actual injury he may have suffered as the result of any actions Mr. McFaul may have taken.

Finally, Mr. Sullivan recently filed a Notice of Change of Address indicating he is no longer housed in the Cuyahoga County Jail, the institution from which he seeks injunctive relief. A prisoner's claim for injunctive relief becomes moot when the prisoner is no longer confined at the prison where the claim allegedly arose. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996). As Mr. Sullivan is now incarcerated in the Marion Correctional Institution, his claim for injunctive relief is moot.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.⁴

IT IS SO ORDERED.

                                              s/ Kathleen M. O'Malley
                                              KATHLEEN M. O'MALLEY
                                              UNITED STATES DISTRICT JUDGE

DATED: December 5, 2007

---

    ³    Cuyahoga County Court of Common Pleas dockets can be found at www.cpdocket.cp.cuyahogacounty.us.

    ⁴    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.